## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| METROPOLITAN MEDICAL SOCIETY OF GREATER KANSAS CITY and RONALD COSENS, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 05-0864-CV-W-DW |
| | ) | |
| EXECUTIVE RISK INDEMNITY INC. and SHIRLEY STROUD, | ) ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

Before the Court are Plaintiffs' motion to remand (Doc. 8) and separate Defendant

Shirley Stroud's motion to remand (Doc. 4).  Because there is no reasonable basis in fact or law

supporting the claim against Stroud—a non-diverse defendant—the motions to remand are

denied.  Stroud is dismissed as a defendant in this case.

In an underlying action, Stroud was awarded $550,000 against Metro Med and Cosens for

wrongful termination and negligent infliction of emotional distress.  Before that verdict, Metro

Med sought coverage under a $1,000,000 insurance policy issued by Executive Risk.  Executive

Risk denied coverage and refused to defend Metro Med and Cosens in the underlying action.

Seeking coverage under the policy, Plaintiffs Metro Med and Cosens brought this declaratory

judgment action against Defendants Executive Risk and Stroud in the Circuit Court of Jackson

County, Missouri.  Executive Risk timely removed this case to the Western District of Missouri,

contending that Stroud is fraudulently joined.  See 28 U.S.C. § 1441.  Plaintiffs and Defendant

Stroud argue that Stroud is a proper defendant and move this Court to remand the case to state

court.[1]

To analyze whether this case should be remanded, the Court begins by examining the citizenship and residency of the parties. Plaintiff Metro Med is a Missouri corporation with its principal place of business in Missouri, and Plaintiff Cosens is a citizen of Missouri. Defendant Executive Risk is a Delaware corporation with its principal place of business in New Jersey. Defendant Stroud is a citizen of Missouri. If Stroud is a proper defendant, the case cannot be removed because Stroud is a citizen of the state in which this action is brought. See 28 § U.S.C. 1441(b). On the other hand, removal is effective if Stroud is not a party in interest properly joined. See id.

Although not always uniformly articulated, the standard for fraudulent joinder relies primarily on the reasonableness of the basis for joining certain parties. "Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent." Filla v. Norfolk S. Ry. Co., 336 F.3d 806, 810 (8th Cir. 2003). Further, if it is clear form the face of the plaintiff's petition that there is no cause of action against the resident defendant, the joinder is fraudulent. See Anderson v. Home Ins. Co., 724 F.2d 82, 84 (8th Cir. 1983). "However, if there is a 'colorable' cause of action—that is, if the state law *might* impose liability on the resident defendant under the facts alleged—then there is no fraudulent joinder." Filla, 336 F.3d at 810 (emphasis in original).

Plaintiffs seek declarations against Executive Risk and Stroud including:

(1) the Policy does afford coverage and defense for the claims asserted by Shirley Stroud in the Underlying Action; (2) that Defendant Executive Risk Indemnity, Inc. has an obligation to provide Plaintiffs Metropolitan Medical Society of

---

[1]Stroud argues, alternatively, to dismiss for failure to state a claim against her.

2

Greater Kansas City and Ronald Cosens a defense on claims relating to the aforementioned Underlying Action; (3) that recovery, if any, by Shirley Stroud in the Underlying Action be limited to the policy limits of insurance policy issued by Defendant Executive Risk Indemnity, Inc. to Metropolitan Medical Society of Greater Kansas City and that Defendant Shirley Stroud be restrained and enjoined from seeking any further relief beyond said insurance policy limits.

In support of remand, Plaintiffs point out that the Missouri's declaratory judgment act broadly grants circuit courts the "power to declare rights, status, and other legal relations whether or not further relief is or could be claimed." See Mo. Rev. Stat. § 527.010. They claim that Stroud is a person needed for just adjudication. See Fed. R. Civ. P. 19(a); Mo. Sup. Ct. R. 52.04. Finally, Plaintiffs cite Missouri law that a judgment creditor—here, Stroud—can independently pursue a claim for equitable garnishment against a judgment debtor and its insurer. See Mo. Rev. Stat. 379.200; see also Prendergast v. Alliance Gen. Ins. Co., 921 F. Supp. 653 (E.D. Mo. 1996). They argue that Stroud could conceivably cross-claim against the other defendant, Executive Risk, under the equitable garnishment statute.

The Court agrees that Stroud might have an equitable garnishment cause of action against Executive Risk and Metro Med. But this is an insurance contract dispute, with Stroud's judgment debtor as plaintiff. The issue is whether the insurer must defend and cover the insured. The Court finds no support whatever for the petition's request to limit Stroud's recovery in the underlying action to the limits of the Metro Med – Executive Risk insurance policy. See Anderson, 724 F.2d at 84. This Court cannot reasonably conclude that Missouri state law contemplates joining Stroud as a defendant in this insurance contract dispute between her

3

judgment debtor and its insurer.  Therefore, joinder is fraudulent.  The motions to remand (Docs.

4, 8) are DENIED.  Stroud shall be dismissed as a defendant in this case.  <u>See</u> Fed. R. Civ. P. 21.

     SO ORDERED.

<u>/s/ DEAN WHIPPLE</u>  <br>
Dean Whipple<br>
United States District Judge

Date:  <u>November 22, 2005</u>